# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY CRUZ, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff <br> v. <br><br> M.A.C. COSMETICS INC., <br><br> Defendant | Case No. 21-3133 |

## NOTICE OF REMOVAL

Defendant M.A.C. Cosmetics Inc. ("M.A.C." or "Defendant"), by counsel and pursuant to 28 U.S.C. § 1446, hereby removes to the United States District Court for the Central District of Illinois, the action commenced against M.A.C. in the State of Illinois Circuit Court, Seventh Judicial Circuit, Sangamon County. M.A.C. states the following grounds in support of removal.

### I. Procedural History and Plaintiffs' Allegations

1. Plaintiff instituted this action by filing a Complaint styled *Sherry Cruz, individually and on behalf of all others similarly situated v. M.A.C. Cosmetics Inc.*, Case No. 2021L000065, in the State of Illinois Circuit Court, Seventh Judicial District, Sangamon County.

2. Plaintiff alleges that M.A.C. violated the Illinois Biometric Information Act ("BIPA" or "the Act"). Specifically, Plaintiff appears to allege violations of Sections 15(a) and 15(b) of the Act. *See* Ex. 1 ¶¶ 83–84.

3. Plaintiff brings this action as a putative class action, on behalf of the following individuals (the "Putative Class"):

> All persons who had their biometric identifiers, facial geometry, faceprints, or facial data captured, collected, or received by Defendant while residing in Illinois from five years preceding the date of filing of this action through the date a class is certified in this action. Ex. 1 ¶ 70.

## II. Removal is Proper Because this Court has Subject Matter Jurisdiction

4. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), or alternatively, pursuant to its diversity jurisdiction. 28 U.S.C. 1332(a).

**A. This Court has Jurisdiction over this Matter under the Class Action Fairness Act**

5. Pursuant to CAFA, federal courts have diversity jurisdiction over a class action if: (a) it involves 100 or more putative class members; (b) any class member is a citizen of a state different from any defendant; and (c) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

6. The Putative Class includes more than 100 members. Plaintiff brings this matter on behalf of all individuals who used M.A.C.'s "virtual try on" platform while residents of Illinois over a five year span. *See* Ex. 1 ¶ 70. M.A.C.'s "virtual try on" was accessed more than 5,000 times between July 1, 2019 and May 3, 2021 from unique Illinois-based domains. The Putative Class, then, likely includes more than 100 members.

7. Minimal diversity, as required by 28 U.S.C. § 1332(d)(2)(A), exists. For jurisdiction under CAFA, "any member of a class of plaintiffs must be a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

  a. Plaintiff is a resident and citizen of Illinois. *See* Ex. 1 ¶ 1. Moreover, the Putative Class includes residents of Illinois. *See* Ex. 1 ¶ 70.

  b. M.A.C. is, and was at the time of the commencement of this action, a corporation organized under the laws of Delaware with its principal place of business in New York. Thus, pursuant to 28 U.S.C. § 1332(c), M.A.C. is a citizen of Delaware and New York.

    c.    Because M.A.C. and at least one plaintiff are citizens of different states, sufficient diversity exists under CAFA.

8.    The aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs as required by 28 U.S.C. § 1332(d)(2).

    a.    Plaintiff seeks $1,000.00 from M.A.C. for each negligent violation of BIPA and $5,000.00 from M.A.C. for each willful or reckless violation of BIPA in connection with uses of its "virtual try on" platform in Illinois. *See* Ex. 1 Prayer For Relief ¶ D.

    b.    Plaintiff alleges that M.A.C. violated BIPA each time that its "virtual try on" platform was used. *See* Ex. 1 ¶¶ 82 – 86.

    c.    M.A.C.'s "virtual try on" platform was used more than 5,000 times between July 1, 2019 and May 3, 2021 from Illinois domains.

    d.    Using minimum damages of $1,000.00 per violation, then, the amount in controversy exceeds $5 million for negligent violations and $25 million for willful or reckless violations. This squarely satisfies CAFA's amount in controversy requirement.

9.    Thus, this Court has jurisdiction over this matter pursuant to CAFA.

**B. This Court has Diversity Jurisdiction and Supplemental Jurisdiction over this Matter**

10.    Alternatively, this Court has jurisdiction over Plaintiff's claims pursuant to its diversity jurisdiction and the Putative Class' claims pursuant to its supplemental jurisdiction.

11.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1332(a) because the action is a suit between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Complete diversity exists in this action.

    a. Upon information and belief, Plaintiff is a resident and citizen of Illinois. *See* Ex. 1 ¶ 1.

    b. The citizenship of any potential class members in a putative class action is disregarded when determining whether complete diversity exists. *See Snyder v. Harris*, 394 U.S. 332, 340 (1969).

    c. M.A.C. is, and was at the time of the commencement of this action, a corporation organized under the laws of Delaware with its principal place of business in New York. Thus, pursuant to 28 U.S.C. § 1332(c), M.A.C. is a citizen of Delaware and New York.

    d. Accordingly, complete diversity exists in this action.

13. The amount in controversy requirement is satisfied.

    a. Plaintiff seeks $1,000.00 from M.A.C. for each negligent violation of BIPA and $5.000.00 from M.A.C. for each willful or reckless violation of BIPA. *See* Ex. 1 Prayer For Relief ¶ D.

    b. Plaintiff alleges that M.A.C. committed willful or reckless violations of BIPA. *See* Ex. 1 ¶ 85 ("Defendant . . . knowingly caused [Plaintiff's] biometrics to be captured); Ex. 1 ¶ 87 ("Defendant has violated the BIPA, and Plaintiff . . . [is] entitled to damages under the BIPA, including . . . $5,000 per willful or reckless violation").

    c. Plaintiff alleges that M.A.C. violated BIPA on several occasions, although the precise number is not identified. *See* Ex. 1 ¶¶ 20–21, 23–24. At a minimum,

        Plaintiff alleges that she "has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of BIPA." Ex. 1 ¶ 29.

    d. Plaintiff alleges that she has been damaged in the amount of "at least $50,000, without specifying an upper limit of damages."

    e. Plaintiff also seeks a five-part injunction against M.A.C. for BIPA violations.

    f. Because Plaintiff alleges multiple BIPA violations, each of which can lead to $5,000.00 in damages per violation, and an injunction, which would have an economic impact on MAC in, at minimum, $25,000 dollars, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

    g. Thus, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1332(a).

14. This Court has jurisdiction over the claims of the Putative Class[1] pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367(a) because the Court has original jurisdiction over the claims of Plaintiff, and the claims of the Putative Class are part of the same case or controversy.

    a. This Court has original jurisdiction over the claims of Plaintiff pursuant to 28 U.S.C. § 1332(a). *See* ¶¶ 7–9.

    b. The claims of the Putative Class arise out of the same common nucleus of operative fact as those of Plaintiff and thus amount to the same case or controversy.

---

[1] Federal courts can exercise their supplemental jurisdiction authority over the claims of putative class members who do not meet the amount in controversy requirement of 28 U.S.C. § 1332(a). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

    c. Plaintiff and the Putative Class make the same allegations: that M.A.C. violated BIPA through its use of a "virtual try on" platform. *Compare* Ex. 1 ¶¶ 21–25 (Plaintiff's allegations) *with* Ex. 1 ¶ 55–52 (class allegations).

    d. The Complaint includes two counts, which Plaintiff and the Putative Class join in full. Ex. 1 ¶¶ 75, 88.

    e. The claims of the Putative Class thus arise out of the same common nucleus of operative fact as the claims of Plaintiff.

    f. This action does not involve "claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules." 28 U.S.C. § 1367(b).

    g. This Court should not decline jurisdiction under 28 U.S.C. 1367(c).

15. Thus, this Court has jurisdiction over this matter pursuant to its diversity jurisdiction and supplementary jurisdiction.

### III. Defendant has Satisfied the Procedural Requirements for Removal

16. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of the Complaint to M.A.C., as M.A.C. was served on May 14, 2021.

17. The United States District Court for the Central District of Illinois embraces the county in which this action was filed: Sangamon County, Illinois. Venue in this district is therefore proper under 28 U.S.C. § 1441(a).

18. M.A.C. is the only defendant named in the Complaint, and it consents to removal.

19. Defendant will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the State of Illinois Circuit Court, Seventh Judicial District,

Sangamon County, in accordance with 28 U.S.C. § 1446(d), and will serve written notice of the same on Plaintiffs' counsel of record.

20. True and correct copies of all process, pleadings, and orders served on M.A.C. in the action pending in Illinois Circuit Court, Seventh Judicial District, Sangamon County, Illinois are attached hereto as follows.

a. A copy of the Complaint, filed on April 19, 2021 (Exhibit 1);

b. A copy of the Summons for M.A.C. (Exhibit 2);

c. A copy of the Rule 222(b) affidavit (Exhibit 3);

d. A copy of the Class Certification Motion and attached exhibits (Exhibit 4).

WHEREFORE, M.A.C. requests that this Court assume jurisdiction over this action from the Illinois Circuit Court, Seventh Judicial District, Sangamon County, and that this action proceed as removed to this Court's jurisdiction.

Respectfully submitted this 12th day of June 2021.

/s/ *Torsten M. Kracht*
Torsten M. Kracht
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20009
(202) 955-1500
tkracht@HuntonAK.com

Mary Quince Thompson
HUNTON ANDREWS KURTH LLP
One South at The Plaza, Suite 3500
Charlotte, NC 28280
(704) 378-4700
qthompson@HuntonAK.com

***Counsel for M.A.C. Cosmetics Inc.***

## CERTIFICATE OF SERVICE

On June 12, 2021, I electronically submitted the foregoing **NOTICE OF REMOVAL** document with the clerk of court for the United States District Court for the Central District of Illinois, using the electronic case filing system of the court. I hereby certify that I have served all documents required to be served upon counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

> Brandon M. Wise
> Paul A. Lesko
> PEIFFER WOLF CARR KANE & CONWAY, LLP
> 818 Lafayette Ave., Floor 2
> St. Louis, Missouri 63104
> 314.833.4825
> bwise@peifferwolf.com
> plesko@peifferwolf.com
>
> Aaron Siri, Esq. (*Pro Hac Vice To Be Filed*)
> Mason Barney, Esq. (*Pro Hac Vice To Be Filed*)
> SIRI & GLIMSTAD LLP
> 200 Park Avenue, 17th Floor
> New York, NY 10166
> Telephone: 212-532-1091
> Email: aaron@sirillp.com
> Email: mbarney@sirillp.com
>
> *COUNSEL FOR THE PLAINTIFF AND THE PUTATIVE CLASS*

*/s/ Torsten M. Kracht*